# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-465V
**Filed: June 1, 2016**

| | |
|---|---|
| * * * * * * * * * * * * * * * <br> DIMA SCHLOSS, as Next Friend of N.S., <br> a minor, <br><br>         Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH <br> AND HUMAN SERVICES, <br><br>         Respondent. <br> * * * * * * * * * * * * * * * | UNPUBLISHED <br><br> Special Master Hamilton-Fieldman <br><br> Joint Stipulation on Damages; <br> Measles-Mumps-Rubella ("MMR") <br> Vaccine; Varicella Vaccine; <br> Pneumococcal Vaccine; <br> Juvenile Idiopathic Arthritis ("JIA") |

Scott W. Rooney, Nemes Rooney, P.C., Farmington Hills, MI, for Petitioner
Ryan Daniel Pyles, United States Department of Justice, Washington, D.C., for Respondent.

## DECISION[1]

On May 7, 2015, Dima Schloss ("Petitioner"), on behalf of her minor child, N.S., filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleged that N.S. developed juvenile idiopathic arthritis ("JIA"), as a result of receiving the measles-mumps-rubella, varicella, and pneumococcal vaccines.

On June 1, 2016, the parties filed a stipulation in which they state that a decision should be entered awarding compensation. Respondent denies that the vaccines at issue, either singly or in combination, are the cause of N.S.'s alleged JIA and/or any other injury. Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the purposes espoused in the E-Government Act of 2002. See 44 U.S.C. § 3501 (2012). Each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 (2012).

stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein. The terms are reprinted here as follows:

> The parties stipulate that Petitioner shall receive the following compensation:
>
> A lump sum of **$20,000.00**, in the form of a check payable to Petitioner, on behalf of N.S. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

Appendix A at 2, ECF No. 27-1.

The undersigned approves the requested amount for Petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/ Lisa Hamilton-Fieldman
Lisa Hamilton-Fieldman
Special Master

---

[3] Entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review. Vaccine Rule 11(a).

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

DIMA SCHLOSS, as Next Friend of N.S., a minor,

     Petitioners,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

     Respondent.

No. 15-465V
Special Master Lisa Hamilton-Fieldman
ECF

## **STIPULATION**

The parties hereby stipulate to the following matters:

1. On behalf of her minor child, N.S., petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to N.S.'s receipt of a measles-mumps-rubella (MMR) vaccine, a varicella vaccine, and a pneumococcal vaccine [hereinafter collectively referred to as the "vaccines"], which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. N.S. received the vaccines on or about May 21, 2012.

3. The vaccines were administered within the United States.

4. Petitioner alleges that the vaccines, either singly or in combination, caused N.S. to develop juvenile idiopathic arthritis (JIA), and that she experienced the residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of N.S. as a result of her alleged condition.

1

6. Respondent denies that the vaccines, either singly or in combination, caused and/or significantly aggravated N.S.'s alleged JIA and/or any other injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of **$20,000.00** in the form of a check payable to petitioner, on behalf of N.S. This amount represents all compensation for damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as the representative of N.S.'s estate under the laws of the State of Michigan. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as guardian/conservator of N.S.'s estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of N.S. at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of N.S. upon submission of written documentation of such appointment to the Secretary.

13. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of N.S. as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

14. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity and as legal representative of N.S., on behalf of herself, N.S., and N.S.'s heirs, executors, administrators, successors and/or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal

Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of N.S. resulting from, or alleged to have resulted from, the vaccines administered on or about May 21, 2012, as alleged by petitioner in a petition for vaccine compensation filed on or about May 7, 2015, in the United States Court of Federal Claims as petition No. 15-465V.

15. If N.S. should die prior to entry of the judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the vaccines, either singly or in combination, caused and/or significantly aggravated N.S.'s alleged JIA and/or any other injury.

19. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns, as legal representative(s) of N.S.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

5

Respectfully submitted,

**PETITIONER:**

*[signature]*
~~DIMA SCHLOSS~~, on behalf of N.S.

**ATTORNEY OF RECORD FOR PETITIONER:**

*[signature]*
SCOTT W. ROONEY
NEMES ROONEY, P.C.
26050 Orchard Lake Rd., Ste. 300
Farmington Hills, MI 48334
Tel: (248) 442-3300

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*[signature]*
~~VINCENT J. MATANOSKI~~ CATHARINE E. REEVES
Acting Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

*[signature]*
NARAYAN NAIR, M.D.
Acting Director, Division of
Injury Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

*[signature]*
RYAN D. PYLES
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-9847

Dated: June 1, 2016

6